John E. Gutbezahl

JOHN E. GUTBEZAHL, LLC

OSB No. 940845

5 Centerpointe Drive Suite 400

Lake Oswego Oregon 97035

gutbezahl@me.com

503.594.1919

Attorney for Defendant and Trial Attorney

UNITED STATES DISTRICT COURT

District of Oregon

Portland Division Oregon

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff | **DEFENDANT'S SENTENCING MEMORANDUM** |
| V. | Case No.3:17-CR-00248-BR |
| ARTURO AISPURO | |

Defendant

Defendant hereby submits the following memorandum in support of the Court following the sentencing recommendation of the defendant. As of December 21 2018 under the First Step Act, sentencing issues in drug cases took a momentous shift towards a fairer and more just application of punishment. The name First Step Act, implies and almost make cer-

tainty that further steps will be initiated to reduce mandatory minimum sentencing and length of sentences. While the First Step Act does not appear to directly affect this case, it certainly indicates a significant shift in the wind.

1. Defendant previously entered pleas to: COUNT 1 (Conspiracy to Distribute Methamphetamine; and COUNT 5 (Training and Sale of Fighting Animals)

2. Defendant has accepted full responsibility for the acts he has pleaded guilty to;

3. Defendant's early acceptance of criminal responsibility includes that he did not file a motion to compel the identity of informants. It is likely that defendant would have prevailed on this issue. The identity of the informants would have been necessary for the government to prove beyond a reasonable doubt the April 13 2017 allegations of Count 2 of the indictment. The government has an interest in keeping the identity of informants confidential. Defendant's early acceptance of responsibility certainly has benefited the government. ;

4. Defendant, although he has accepted responsibility of possession of a firearm under USSG 2D.1(b)(1), defendant did not use any firearm in the controlled substance offenses. No witness, informant or law enforcement officer can produce evidence to the contrary;

5. Defendant is requesting eligibility for the RDAP program;

6. Defendant is requesting a recommendation to be placed by the Bureau of Prisons at Sheridan Federal Correctional Facility;

7. Defendant is requesting that the Court recommend against deportation.

Defendant has reviewed the Presentence Report and there are no significant or meaningful discrepancies. Defendant is asking the Court to depart from the recommendation based upon presentation at sentencing.

First and foremost, Defendant is a hard worker, and has been a good father to his three children. He has a supportive mother. defendant has only one prior conviction for misdemeanor domestic violence Assault 4(2010), which he successfully completed probation;

This case was extensively negotiated between the parties over its pendency.

The sentence contemplated is supported by the Federal Sentencing Guidelines. As we know, the guidelines are not mandatory, and a sentence less than the guidelines in this case is warranted;

There have been no significant violations of his release terms (although there appears to be an alcohol violation that was reported). He has made all his court appearances and has maintained excellent contact with me. Therefore, defendant requests that the Court:

(1)     recommend the RDAP program;

(2)     recommend defendant serve his sentence at the Federal Correctional Institution- Sheridan;

(3) recommend that defendant serve a sentence of 60 months;

(4) recommend voluntary self surrender;

February 13 2019

/s/ John E. Gutbezahl
JOHN E. GUTBEZAHL OSB#940845
Attorney for Defendant