IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 3:17-cr-00248-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **ARTURO AISPURO,** | |
| Defendant. | |

**NATALIE K. WIGHT**
United States Attorney
**ETHAN G. BODELL**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1000

       Attorneys for Plaintiff

**JOHN E. GUTBEZAHL**
5 Centerpointe Drive, Suite 400
Lake Oswego, OR 97035
(503) 594-1919

       Attorney for Defendant

1 - OPINION AND ORDER

**BROWN, Senior Judge.**

This matter comes before the Court on Defendant Arturo Aispuro's Motion (#68) for Compassionate Release Pursuant to 18 U.S.C. § 3583(c)(1)(A)(i).  The Court concludes the record is sufficiently developed, and, therefore, oral argument would not be helpful to resolve this Motion.  For the reasons that follow, the Court **DENIES** Defendant's Motion.

## BACKGROUND

On July 7, 2017, Defendant was charged in an Indictment with one count of Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846; two counts of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii); one count of Unlawful Possession of a Firearm in violation of 18 U.S.C. § 922(g)(9); and one count of Training and Sale of Fighting Animals in violation of 7 U.S.C. § 2156(b).

On June 12, 2018, Defendant pled guilty pursuant to a plea agreement to one count of Conspiracy to Distribute Methamphetamine and one count of Training and Sale of Fighting Animals.

On February 21, 2019, the Court sentenced Defendant to 78 months imprisonment on count one and 60 months imprisonment on count five to be served concurrently as well as five years of

supervised release.

On November 22, 2022, Defendant filed a Motion Under 18 U.S.C. § 3583(c)(1)(A)(i) For Compassionate Release.  The Court took Defendant's Motion under advisement on December 26, 2022.

## DISCUSSION

Defendant is currently housed at FCI Victorville and has a projected release date of September 14, 2024.  Defendant moves for an order reducing his sentence to time served and releasing him to home confinement pursuant to § 3582(c)(1)(A)(i) on the ground that he was the "sole economic provider for the family and the family is suffering financially due to his incarceration" and he is not a danger to the community. Def.'s Mot. at 2.

### I.   FSA Compassionate Release Standards

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824-25 (2010)(quoting 18 U.S.C. § 3582(b)).  Compassionate release is an exception in extraordinary cases.

On December 21, 2018, the FSA amended 18 U.S.C. § 3582(c)(1)(A) to provide:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative [remedies] *or the lapse of 30 days from the receipt of such a request by the warden*

3 - OPINION AND ORDER

>of the defendant's facility, whichever is earlier may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-
>
>>(i) extraordinary and compelling reasons warrant such a reduction
>
>* * *
>
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

First Step Act of 2018, 132 Stat. 5194, Pub. L. No. 115-391 (2018)(emphasis added).

Application Note 1 to the United States Sentencing Guidelines (U.S.S.G.) § 1B1.13, the applicable Sentencing Commission policy statement relating to the FSA, sets out the relevant extraordinary and compelling reasons as follows:

>1. Extraordinary and Compelling Reasons.-
>. . . extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>* * *
>
>>(C) Family Circumstances
>>
>>>(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>>
>>>(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

That policy statement also requires the court to consider whether

4 - OPINION AND ORDER

the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" when a defendant satisfies the requirements of § 1B1.13(1). U.S.S.G. § 1B1.13(2). The Sentencing Commission, however, "has not updated § 1B1.13 since the [FSA] amended § 3582(c)(1)(A). The current version of § 1B1.13 refers only to motions filed by the BOP Director, and does not reference motions filed by a defendant as now allowed under § 3582(c)(1)(A)." *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021).

After the FSA amended § 3582(c)(1)(A) district courts across the country were split on whether § 1B1.13(1) was an "applicable policy statement[] issued by the Sentencing Commission" as to motions for compassionate release filed by defendants rather than by the BOP. The Ninth Circuit addressed this split in *Aruda* noting:

> (1) the text of § 3582(c)(1)(A) . . . only requires courts to consider "applicable" policy statements by the Sentencing Commission; (2) the text of U.S.S.G. § 1B1.13, . . . begins "[u]pon motion of the Director of the Bureau of Prisons"; (3) the text of Application Note 4 to § 1B1.13, . . . states . . . "[a] reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A)"; (4) the text of Application Note 1(D) to § 1B1.13 . . . is a catch-all provision allowing only the "Director of the Bureau of Prisons" to determine "other" extraordinary and compelling reasons; and (5) the legislative history of the First Step Act's compassionate-release amendment . . . sought to expand and expedite compassionate-release motions because they had seldom been brought by the BOP.

5 - OPINION AND ORDER

*Aruda*, 993 F.3d at 801 (citations omitted).  Ultimately the Ninth Circuit concluded "the Sentencing Commission has not yet issued a policy statement applicable to § 3582(c)(1)(A) motions filed by a defendant," and, therefore, "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."  *Id*.  The Ninth Circuit, however, also concluded the "Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."  *Id*. (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)).  Pursuant to *Aruda,* therefore, the policy statement in U.S.S.G. § 1B1.13 is merely advisory rather than mandatory in the context of motions for compassionate release brought pursuant to § 3582(c)(1)(A) by defendants rather than by the BOP.  Accordingly, this Court will only consider the criteria set out in § 1B1.13 as advisory when evaluating Defendant's Motion for Compassionate Release.

18 U.S.C. § 3142(g) sets out the following factors the Court must consider when evaluating whether a defendant is a danger to the community:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim . . .;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--

6 - OPINION AND ORDER

>>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>>* * *
>
>>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

A defendant seeking a reduction in his term of imprisonment bears the burden to establish both that he has satisfied the procedural prerequisites for judicial review and that compelling and extraordinary reasons exist to justify compassionate release. 18 U.S.C. § 3582(c)(1)(A).

**II. The Court's Authority to Modify Defendant's Sentence**

As noted, "'[a] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon*, 560 U.S. at 824-25 (quoting 18 U.S.C. § 3582(b)). *See also United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003)(courts generally may not correct or modify a prison sentence after it has been imposed unless expressly permitted by statute or by Federal Rule of Criminal Procedure 35). As also noted, the FSA provides a limited exception for courts to modify a final judgment of conviction "upon motion of . . . the defendant after the defendant has fully exhausted all

7 - OPINION AND ORDER

administrative [remedies]."  18 U.S.C. § 3582(c)(1)(A).

The parties agree Defendant has exhausted his administrative remedies because on October 7, 2022, he submitted a request for compassionate release to the warden of FCI Victorville and the warden failed to respond to his request.

The Court also concludes on this record that it has the authority to decide Defendant's Motion pursuant to the FSA.

### III. Merits

Defendant asserts he has established extraordinary and compelling circumstances exist to warrant compassionate release because he "was the sole economic provider for the family and the family is suffering financially due to his incarceration." Def.'s Mot. at 2.  Defendant, however, does not provide any details in support of his assertion.  Defendant submitted letters from his mother, friend, sister, and niece, but none of those indicate there has been "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner" and that Defendant "would be the only available caregiver for the spouse or registered partner."  As noted, Defendant asserts only that his financial support is required by his family.  Accordingly, although Defendant's family circumstances are unfortunate, they do not meet the criteria set out in § 1B1.13(1)(C).  *See, e.g., United States v. Kniss*,

8 - OPINION AND ORDER

No. 3:18- CR-00142-MO, 2020 WL 6200183, at *2 (D. Or. Oct. 21, 2020)(noting it is "difficult for a family when one parent goes to prison, and that is particularly true right now with COVID-19 disrupting jobs and childcare," but declining to find it qualifies as an extraordinary and compelling circumstance when the defendant merely wants to provide financial support).

In addition, the government points out that Defendant reported at the time of his arrest that he was responsible for making bi-monthly child-support payments, but he was significantly behind in doing so. Presentence Report (PSR) at ¶ 57.  Defendant also reported more than one multi-year period of unemployment:  from 2010 to 2012 and from 2013 to 2017. PSR ¶¶ 66-67.  Finally, Defendant reported at the time of his arrest that he was approximately $40,000 in arrears on child-support payments. PSR ¶ 57. It appears, therefore, that Defendant's inability to financially support his family predates his incarceration by multiple years.

The Court, therefore, concludes Defendant has not established an extraordinary or compelling reason for compassionate release exists in this case.  Accordingly, the Court **DENIES** Defendant's Motion for Compassionate Release. Because the Court has concluded Defendant has not established that his family circumstances are extraordinary or compelling the Court does not address whether Defendant would be a danger to the

9 - OPINION AND ORDER

community if he was released.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#68) for Compassionate Release Pursuant to 18 U.S.C. § 3583(c)(1)(A)(i)

IT IS SO ORDERED.

DATED this 4th day of January, 2023.

/s/ Anna J. Brown

---
ANNA J. BROWN
United States Senior District Judge

10 - OPINION AND ORDER